IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:18-CR-00216-ALM-CAN-34 |
| v. | § | |
| | § | |
| | § | |
| DEREK DESHAUNN TURNER (34) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendant Derek Deshaunn Turner ("Defendant") has moved for an order directing the Government to provide a bill of particulars [Dkt. 744 at 2]. The Government opposes Defendant's request [Dkt. 748 at 15]. After reviewing Defendant's Motion and Supporting Memorandum for Bill of Particulars ("Motion") [Dkt. 744], and all other relevant filings [Dkt. 748], the Court recommends the Motion be **DENIED**.

**APPLICABLE BACKGROUND**

On February 6, 2019, the grand jury returned a fifteen-count Second Superseding Indictment charging Defendant, in Counts 1-3, with Conspiracy to Possess with Intent to Distribute Methamphetamine, Heroin, and Cocaine, respectively, in violation of 21 U.S.C. §§ 841(a)(1), 846 [Dkt. 311, sealed]. Defendant claims that the Second Superseding Indictment alleges no specific overt acts or involvement by which he can be said to have participated in the conspiracies within Counts 1-3, other than his mere presence in the house at which his arrest took place [Dkt. 744 at 1-3]. Additionally, Defendant asserts that the broad expanse of time covered by the Government's Second Superseding Indictment provides no notice of the dates and locations of Defendant's purported activities [Dkt. 744 at 3]. Defendant finally contends that arresting officers failed to record the interrogation of Defendant or provide specific details as to what admission of

REPORT AND RECOMMENDATION – Page 1

involvement Defendant made during said interrogation [Dkt. 744 at 2]. Defendant argues, absent a bill of particulars with these requested pieces of information, his ability to prepare a defense and to secure effective assistance of counsel will be hampered, and that he will further be deprived of due process and/or a fair trial [Dkt. 744 at 3].

The Government asserts Defendant is entitled to none of the requested relief [Dkt. 748]. More specifically, the Government asserts Defendant already has the requested information, having received a complete copy of all discovery material [Dkt. 748 at 6]. Furthermore, the Government contends the indictment is clear and that allegations of specific overt acts are not only unnecessary in the prosecution of drug crime conspiracies as a matter of law, but also as a matter of policy, since heightened specificity in the indictment would not enhance Defendant's ability to prepare for trial [Dkt. 748 at 7]. The Government continues that the discovery process and the "Second Superseding Indictment [have provided Defendant] sufficient facts and elements of the alleged offense to inform the defendant of the charges so that he may prepare a defense in the present case and invoke the Double Jeopardy Clause in future prosecutions based on the same conduct" [Dkt. 748 at 5].

## LEGAL STANDARD AND ANALYSIS

Federal Rule of Criminal Procedure 7(f) provides a basis for defendants to obtain a bill of particulars. FED. R. CRIM. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."). The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy. *See e.g., United States v. Rodriguez,* No. 4:18-CR-00216-ALM-CAN-18, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (citing *United States v.*

*Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted)), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) (citation omitted) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution."). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). Indeed, the granting or denial of a bill of particulars is within the sound discretion of the trial court. *Mackey*, 551 F.2d at 970. To that end, a court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987). Conversely, "the trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) (citation omitted).

Defendant urges that there is a lack of specificity, or mention of Defendant, in the indictment, and thus a bill of particulars is necessary to allow him to properly prepare his defense to the charges. Defendant contends that the only evidence linking him to the alleged conspiracy is his presence at a house which was raided by Dallas Police [Dkt. 744 at 1]. Defendant asks the Court to direct the Government to file a bill of particulars containing the following information as to Count One, Two, and Three: (1) specific overt acts in which Defendant is alleged to have distributed methamphetamine, heroin, or cocaine; (2) specific information identifying dates and locations where Defendant is alleged to have possessed or distributed methamphetamine, heroin, or cocaine; and (3) specific information as to what involvement Defendant allegedly admitted to any interrogating arresting officer.

*Overt Acts*

A bill of particulars is not a discovery device. *United States v. Djuga*, No. 14-140, 2015 WL 1412100, at *2-3 (E.D. La. Mar. 25, 2015) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *Burgin*, 621 F.2d at 1359 (outlining that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial").  And a defendant is not entitled to use a bill of particulars to discover all overt acts that might be proved at trial. *United States v. Bethany*, No. 3:18-CR-0297-S, 2020 WL 1976827, at *2 (N.D. Tex. Apr. 23, 2020) (citing *United States v. Shults*, No. 3:14-cr-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sept. 18, 2018)); *United States v. Licciardi*, No. 14-284, 2016 WL 815509, at *4 (E.D. La. Mar. 2, 2016) (citing *Kilrain*, 566 F.2d at 985); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (citations omitted) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]").

Defendant is charged under 21 U.S.C. §§ 841(a)(1), 846.  The indictment discloses the purpose of the alleged conspiracy, its timing, the drugs purportedly involved, and alleges Defendant joined the agreement knowingly and voluntarily.  A § 846 conspiracy charge does not require proof that Defendant actually distributed or possessed with intent to distribute any controlled substance, or proof of an overt act to show participation in a drug conspiracy.   Thus, the Government is not required to allege or prove at trial any specific overt acts by Defendant; the important element of a § 846 conspiracy charge is the agreement.  *United States v. Shabani*, 513 U.S. 10, 11 (1994) ("This case asks us to consider whether 21 U.S.C. § 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed an overt act in furtherance of the conspiracy.  We conclude that it does not."); *United States v. Addison*, No. 14-1168, 2015 WL 1245556, at *4 (E.D. La. Mar. 18, 2015) (citing *United States v. Turner*, 319

F.3d 716, 721 (5th Cir. 2003)) (same). Stated differently, "the fact that [Defendant] was charged only with conspiracy reduces the level of factual detail to which he is entitled with respect to the offenses which were the objects of the conspiracy." *Addison*, 2015 WL 1245556, at \*4. Defendant has also requested the dates and locations Defendant is alleged to have possessed and distributed [Dkt. 744 at 2]. However, the precise date of the offense also does not need to be alleged in the charging documents; alleging that an offense occurred on or about a certain date is sufficient. *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991). Indeed, any date within the statute of limitations and before the return of the Second Superseding Indictment will support a conviction. *United States v. Bowman*, 783 F.2d 1192, 1197 (5th Cir. 1986).

Here, Defendant's Motion acknowledges that he received photos of Defendant taken at the time of his arrest and has been informed about the statement he made to law enforcement "admitting his involvement" in the conspiracy [Dkt. 744 at 1-2]. The Government's response, citing to page 8 of the Dallas Police Department Report, reflects other information regarding this statement has been provided to Defendant:

> [Defendant] was arrested and charged with manufacture delivery of cocaine for the following reasons: [Defendant] gave verbal consent to [law enforcement] to go through his personal cellular phone. On his cell phone in his messages [law enforcement] observed a text message stating that the place is getting hot and they should move spots since the police were "hot" in the area. [Defendant] also gave a post Miranda voluntary statement to [law enforcement] admitting to working the door to the location and facilitating narcotics transactions.

[Dkt. 748-1 at 8]. The Government goes on to further detail its investigation, specifically stating "[s]everal co-defendants arrested at the residence at 1828 Abshire Lane are now cooperating with the Government and are prepared to testify that [consistent with his own statement to law enforcement, Defendant] was a worker for Keithen Givens at that and other stash houses responsible for the protection and distribution of illegal drugs" [Dkt. 748 at 12]. The Government also advises it has provided "Defendant with reasonable notice of the approximate

dates and locations of the charged offense" [Dkt. 748 at 8]. Defendant himself confirms that DEA agents have met with counsel and debriefed counsel on Defendant's involvement [Dkt. 744 at 2]. Against this backdrop, a bill of particulars containing the requested "overt acts" and "dates and locations" is not necessary and should be denied.

### *Statement by Defendant to Law Enforcement*

The Court turns next to Defendant's contention that he is entitled to additional information regarding his post-*Miranda* statement. As discussed *supra*, the Government avers that it has already produced in discovery the Dallas Police Department Report detailing the statements by Defendant upon his arrest [Dkt. 748-1 at 8]. Law enforcement noted Defendant's statement admitting to "working the door to the location [where drugs were sold] and facilitating narcotics transactions" in the incident report [Dkt. 748-1 at 8]. This information serves to sufficiently "apprise Defendant of the charges against [him] with enough detail" for trial preparation and does not merit a bill of particulars. *United States v. Perea*, No. 4:16-CR-00176-MAC-CAN, 2017 WL 5762458, at *2 (E.D. Tex. Nov. 9, 2017) (quoting *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005)). "[D]efendant [is] obliged to show that [he] will be prejudiced if [he does] not receive the information sought[.]" *Rodriguez*, 2020 WL 4689193, at *6. However, "when the information sought by a bill of particulars is contained in discovery materials furnished to a defendant, no claim of prejudicial surprise can be sustained." *Perea*, 2017 WL 5762458, at *2. Defendant has failed to establish that he will suffer prejudice or be surprised at trial. The Court therefore recommends that Defendant's Motion should be denied.

### CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant's Motion for Bill of Particulars [Dkt. 744] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the uncontroverted factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of September, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE